IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KLEY and TIFFANY LUCAS : CIVIL ACTION
:
v. :
:
DYLAN AVIATION, LLC, et al. : NO. 09-cv-2889-JF

MEMORANDUM

Fullam, Sr. J.                                      March 24, 2010

      Plaintiff Kley Lucas was the pilot of a helicopter that crashed in Columbus, Montana. Plaintiff Tiffany Lucas is his wife. The plaintiffs filed suit in the Philadelphia Court of Common Pleas, asserting causes of action for negligence, breach of warranty, and strict liability. The defendants are the alleged owner and lessor of the helicopter and the manufacturers of the helicopter and its component parts. The defendants removed the case to this Court, and the plaintiffs filed a motion to remand. For the foregoing reasons, I will grant the plaintiffs' motion to remand.

      The defendants have invoked federal-question jurisdiction pursuant to 28 U.S.C. § 1331, arguing that: 1) the complaint alleges that the defendants failed to comply with federal airworthiness directives and the Federal Aviation Regulations, and therefore the underlying action "arises under" federal law; and 2) the plaintiffs' state law claims turn on "substantial" and "disputed" questions of federal law and the case

is removable pursuant to Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005).

The plaintiffs' well-pleaded complaint only alleges state-law claims. Although standards of aviation safety have been federally preempted, traditional state-law remedies for violation of those standards still exist. Abdullah v. Am. Airlines, Inc., 181 F.3d 363, 375 (3d Cir. 1999). I am not persuaded that any of the plaintiffs' claims "arise under" federal law.

The test established in Grable & Sons is described by that Court as follows:

> [T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

545 U.S. 308, 314 (2005). Jurisdiction under Grable & Sons is limited to a "slim category" of cases. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 681 (2006).

The defendants have failed to identify any federal issues that will be substantial and disputed. The validity of the federal regulations has not been challenged; the parties simply dispute whether the defendants' conduct met the standard of care. Further, the exercise of federal jurisdiction in this case would not comport with the sound division of labor between the state and federal courts.

The defendants also argue that removal is proper pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), which provides that "any officer (or person acting under that officer) of the United States . . . sued in an official or individual capacity for any act under color of such office" may remove a case from state to federal district court.  The defendants allege that the manufacturers of the helicopter employed "Designated Manufacturing Inspection Representatives" and "Designated Engineering Representatives," who acted under the supervision of the Federal Aviation Association, and certified the helicopter as airworthy pursuant to federal regulations.  However, neither of these individuals has been named as a defendant, and the statute does not provide a basis for removal.

An order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam,   Sr. J.